IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-61984-CIV-OTAZO-REYES

200 LESLIE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.

_____

**DEFENDANT QBE INSURANCE CORPORATION'S MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

**Statement**

Pursuant to Federal Rules of Civil Procedure 56 and S.D. Fla. Local Rule 56.1, Defendant, QBE INSURANCE CORPORATION ("QBE"), moves the Court for Summary Judgment on Defendant's Third Amended Complaint. Summary Judgment is proper in this case as to both Counts. QBE respectfully submits this Motion and Incorporated Memorandum of Law in support of its motion.

**Summary of Argument**

As to Plaintiff's First Cause of Action whereby Plaintiff seeks a declaratory judgment that windows and sliding glass doors are "Covered Property" under the Policy, the Court should grant summary judgment. There is no issue of material fact that there is no disagreement between the Parties as to whether windows and sliding glass doors accessing individual condominium units are "Covered Property" under the Policy; any disagreement, if there was one, is now moot. As to Plaintiff's Second Cause of Action whereby Plaintiff seeks to have the Court declare that the Parties are required to

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 2 of 14

*200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Motion for Summary Judgment*
*Page 2*

proceed to appraisal, summary judgment should be granted in favor of QBE because there is no issue of material fact that QBE has denied Plaintiff's claim in its entirety. As a matter of law, once the insurer has denied the insured's claim in its entirety the matter cannot proceed to appraisal.

## Factual Background

Plaintiff initially reported damage to the subject property from Hurricane Wilma on October 28, 2005. (See Statement of material Facts, hereinafter "SF" ¶¶3-4) Interloss Inc. inspected the Property on behalf of QBE on November 16, 2005. (SF ¶5) The amount of damage or loss to the Property was significantly less than the $610,039.00 Policy windstorm deductible. (SF ¶6) On or about August 25, 2007, Mr. Sansone prepared an estimate of damage to the subject property on behalf of QBE in the amount of $211,373.24. Mr. Sansone's August 25, 2007 estimate did not exclude damage to windows.

Plaintiff did not communicate with QBE or its representatives any further until it filed suit in October 2010. (SF ¶5) QBE never communicated to Plaintiff that windows and sliding glass doors to individual units at 200 Leslie were not "covered property" under the Policy. (SF ¶31) Plaintiff did not communicate to QBE prior to filing suit that it had a disagreement with QBE as to whether the Policy insured for loss or damage to windows which provide access to individual units. (SF ¶7)

## Procedural Background

Plaintiff originally filed its Complaint in this case on October 18, 2010. (D.E. 1) Plaintiff alleged two causes of action. Count I sought a declaratory judgment that windows and sliding glass doors accessing individual units were "Covered Property"

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 3 of 14

200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.
Defendant's Motion for Summary Judgment
Page 3

under the Policy and that the Parties should be required to participate in appraisal. Count II sought a declaration that the Policy's windstorm deductible was void because the size of the font in the Policy was in violation of a state statute. QBE then sought dismissal of Count I on justiciability and prematurity grounds. QBE sought a stay of Count II pending the Florida Supreme Court's ruling in *Chalfonte*. Before the Court could rule on QBE's Motion to Dismiss the original Complaint Plaintiff filed a First Amended Complaint. (D.E. 13) By the First Amended Complaint plaintiff sought appraisal by Count I and, in Count II a declaration that the windstorm deductible provision of the Policy was void. (D.E. 13) On January 21, 2011, QBE again moved to dismiss the First Amended Complaint on justiciability and prematurity grounds. (D.E.31)

On March 15, 2011, Plaintiff filed a Second Amended Complaint. (D.E. 30) Once again, on March 29, 2011, based upon the same arguments QBE sought dismissal of Counts I and II of the Second Amended Complaint and a stay of Count III. (D.E. 31) On June 21, 2011, the Court dismissed Counts I and II of the Second Amended Complaint and stayed Count III. (D.E. 54) The Court ruled that Plaintiff's claim to compel appraisal was defective because Plaintiff and had not alleged that it complied with post loss conditions under the Policy. The Court also ruled that there was no justiciable issue as to coverage for windows to individual units because there were insufficient allegations that QBE had denied coverage as to Plaintiff's windows. (D.E. 54 at pp. 17 and 26)

Subsequent to the Order of Dismissal QBE requested that Plaintiff comply with the Post Loss Conditions set forth in the Policy if it sought to pursue a claim. In response to QBE's request Plaintiff failed to comply with the Post Loss Conditions set

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 4 of 14

*200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*
**Defendant's Motion for Summary Judgment**
Page 4

forth in the Policy. Rather, Plaintiff willfully denied some of its obligations under the Policy, intentionally refused to provide the information sought by QBE as to Plaintiff's claim, or otherwise intentionally supplied conflicting or misleading information. As a result of Plaintiff's conduct QBE denied Plaintiff's claim in its entirety based upon Plaintiff's failure to comply with its post obligations under the Policy, fraud, and concealment. QBE advised Plaintiff that as a result of Plaintiff's conduct the policy was void.

On July 12, 2012, Plaintiff filed its Third Amended Complaint. (D.E. 70) On October 18, 2012, QBE filed its Amended Answer and Affirmative Defenses to the Third Amended Complaint. (D.E. 113)

## Discussion

### A. Choice of Law.

In a case founded on diversity jurisdiction, the district court must apply the forum state's choice of law rules. *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs.*, 468 F.3d 1322, 1325 (11th Cir. 2006). Plaintiff filed this action to the Southern District of Florida on October 18, 2010. [D.E. 1] Florida's choice of law rules mandate the application of Florida law to a dispute over a contract to insure real property located within the state. *Great Am. E&S Ins. Co. v. Sadiki*, 170 Fed. Appx. 632, 633 (11th Cir. 2006). Thus, Florida substantive law applies to this action.

### B. Standard for Summary Judgment Motion.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this assessment, the Court "must view

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 5 of 14

200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.
Defendant's Motion for Summary Judgment
Page 5

all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the nonmovant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America*, 894 F.2d 1555, 1558 (11th Cir. 1990). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1297-1298 (S.D. Fla. 2006).

**C. Principles of Contract Interpretation in Florida.**

"Under Florida law, insurance contracts are construed according to their plain meaning. Ambiguities are construed against the insurer and in favor of coverage." *Taurus Holdings, Inc. v. United States Fid. & Guar. Co.,* 913 So.2d 528, 532 (Fla. 2005). "Although ambiguous provisions are construed in favor of coverage, to allow for such a construction the provision must actually be ambiguous." *Id.* Courts may not "rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *Id.*; see also *State Farm Mut. Auto. Ins. Co. v. Pridgen*, 498 So.2d 1245, 1248 (Fla. 1986); *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*,

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 6 of 14

200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.
Defendant's Motion for Summary Judgment
Page 6

369 So.2d 938, 942 (Fla. 1979). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Hagen v. Aetna Cas. & Sur. Co.*, 675 So. 2d 963, 965 (Fla. 5th DCA 1996); see also *Taurus Holdings, Inc.*, 913 So.2d at 532.

Additionally, "in construing exclusions in an insurance contract, the entire contract must be construed as a whole, see *Franklin Life Ins. Co. v. Tharpe*, 130 Fla. 546, 178 So. 300, 302 (Fla. 1938); *Willingham v. Travelers Ins. Co.,* 483 So. 2d 778, 779 (Fla. 3d DCA 1986), from the perspective of an ordinary person, *Lindheimer v. St. Paul Fire and Marine Ins. Co.,* 643 So. 2d 636, 638 (Fla. 3d DCA 1994)." *Mactown, Inc. v. Cont'l Ins. Co.,* 716 So. 2d 289, 292 (Fla. 3d DCA 1998). Courts are enjoined both by statute, see § 627.419(1), Fla. Stat. (2008) ("Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefore or any rider or endorsement thereto"), and by case law, as follows, from considering an isolated sentence in a policy as determinative on the question of coverage.

"When analyzing an insurance contract," it is necessary for courts "to examine the contract in its context and as a whole, and to avoid simply concentrating on certain limited provisions to the exclusion of the totality of others." *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.,* 845 So. 2d 161, 165 (Fla. 2003). As such, "courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000); see also *Swire*, 845 So. 2d at 166.

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 7 of 14

*200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Motion for Summary Judgment*
*Page 7*

Further, "isolated provision[s] of an insurance policy cannot be considered as determinative on the issue of coverage." *AAA Life Ins. Co. v. Nicolas*, 603 So. 2d 622, 624 (Fla. 3d DCA 1992). Nor may courts "violate clear meaning to create ambiguity." *Hoffman v. Robinson*, 213 So. 2d 267 (Fla. 3d DCA 1968) (emphasis added). Such that "exclusionary clauses cannot be relied upon to create coverage [because the] principles governing the construction of insurance contracts dictate that when construing an insurance policy to determine coverage the pertinent provisions should be read in *pari materia*." *U.S. Fire Ins. Co. v. J.S.U.B. Inc.*, 979 So. 2d 871, 877 (Fla. 2007); see also *State Farm Fire & Cas. Co. v. Ctc Dev. Corp.*, 720 So. 2d at 1074-75 (Fla. 1998).

### D. Summary Judgment dismissing Plaintiff's declaratory judgment action seeking to compel appraisal (Count II) should be granted because QBE has denied Plaintiff's claim in its entirety

There is no issue of fact that QBE has voided the policy and denied coverage in its entirety as set forth in its letter to Plaintiff. (See QBE's Statement of Material Facts (SF ¶ 23). Once the insurer has denied coverage and voided the policy appraisal is inappropriate. *Oceania I Condo Ass'n, Inc. v. QBE Ins. Corp.*, 23 Fla. L. Weekly Fed. D 9 (S.D. Fla. May 20, 2011) (Court dismisses petition to compel appraisal); *Monterey Homeowners Ass'n, Inc. v. Glencoe Ins. Ltd.*, Case No. 10-21062-CIV-MOORE/SIMONTON, D.E. 26 at pp. 6-7 (S.D. Fla. Jan. 13, 2011) (attached hereto as Exhibit "1") (summary judgment granted dismissing claim for appraisal); *Hartford Casualty Ins. Co. v. 600 La Peninsula Condo Ass'n,* 2010 U.S. Dist LEXIS 11773, *5-6 (M.D. Fla. Feb. 10, 2010); *Corzo v. American superior Insurance Company*, 847 So. 2d 584 (Fla. 3d DCA 2003); *State Farm Fire & Casualty Co. v. Wingate*, 604 So. 2d 578, 579 (Fla. 4th DCA 1992).

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 8 of 14

*200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Motion for Summary Judgment*
*Page 8*

In *Oceania I Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 11–20578–CIV-ALTONAGA, 2011 WL 1984483 (S.D. Fla. May 20, 2011), the plaintiff condominium suffered damages as a result of hurricane Wilma but did not make a claim against its carrier, QBE, until January of 2010. *Id.* at *1. At that time, plaintiff demanded appraisal and subsequently, QBE denied the request and requested a proof of loss. *Id.* After providing two proofs of loss, plaintiff filed a lawsuit for declaratory relief and damages. *Id.* It then filed a motion to compel appraisal and QBE denied the claim for several reasons, including the plaintiff's violation of the policy's post-loss provisions in failing to provide prompt notice of the loss and damage and committing fraud by submitting grossly exaggerated and inflated claims. *Id.*

The Court noted in *Oceania I* that under Florida law, "when the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid." *Id.* at *2, citing *Johnson*, 828 So.2d at 1025 (quoting *Gonzalez v. State Farm Fire & Casualty Co.*, 805 So.2d 814, 816–17 (Fla. 3d DCA 2000)). However, whether the claim is covered by the policy is a question for judicial determination. *Oceania I*, 2011 WL 1984483 at *2, citing *Johnson*, 828 So.2d at 1025. "**Thus, when the claim has been denied in its entirety based on lack of coverage, appraisal is not appropriate**." (emphasis added) *Oceania I*, 2011 WL 1984483 at *2.

In rejecting the plaintiff's assertion that there was a disagreement by the parties over the amount of damages, Judge Seitz stated:

> Plaintiff relies on *Suite 225, Inc. v. Lantana Insurance, Ltd.,* Case No. 10–81026–CIV (S.D.Fla. Jan. 28, 2011), to support its motion for appraisal. Plaintiff's reliance on *Suite* 225 is misplaced. In that case, the court ordered appraisal because the parties disagreed over the amount of the

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 9 of 14

200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.
Defendant's Motion for Summary Judgment
Page 9

damages. In *Suite* 225, the defendant-insurer had admitted coverage for the loss and issued payment for the undisputed amount of the loss. That is clearly not the situation before this Court. **Here, QBE has unequivocally stated that no coverage is available under the policy and that the policy is void.** Plaintiff points out that QBE recognized that Plaintiff had a covered claim under the policy. However, the claim would only be covered if the policy were not void. **Thus, because QBE has declared the policy void, there is no covered claim and therefore the parties cannot disagree over the amount of any covered claim. Consequently, appraisal is not appropriate.** (emphasis added)  *Id.* at 2.

Similarly, in *Corzo v. American Superior Ins. Corp.*, the Third District Court of Appeal affirmed summary judgment in favor of the insurer and against proceeding to appraisal where the insurer had denied coverage in its entirety.  847 So. 2d at 585. The Court stated that the trial court "correctly ruled that where, as here, the claim has been denied in its entirety on the ground that it is not covered by the insurance policy, the issue of coverage is one for the court, not for the appraisers."  *Id.*, citing *Johnson*, 828 So.2d 1021.   *See also*, *Oriole Gardens Condo. Ass'n v. Aspen Specialty Ins.*, No. 11–62281–CIV-COHN, 2011 WL 6754055 (S.D. Fla. Dec. 23, 2011), quoting *Corzo v. American Superior Insurance Co.*, 847 So.2d 584, 585 (Fla.Dist.Ct.App.2003) (citing *Johnson v. Nationwide Mutual Ins. Co.*, 828 So.2d 1021, 1025–26 (Fla.2002)).

In *Johnson*, the Florida Supreme Court resolved a conflict among the district courts of appeal by holding "that causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is a covered loss, the amount of which is disputed."  *767 Bldg., LLC v. Allstate Ins. Co.*, 10-60007-CIV-ALTONAGA, 2010 WL 1796564, *2 (S.D. Fla., May 04, 2010), citing *Johnson*, 828 So. 2d at 1022.

Recently in *Garden-Aire Village South Condo. Ass's, Inc. v. QBE*, Judge Dimitrouleas considered cross-motions for summary judgment involving similar

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 10 of 14

200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.
Defendant's Motion for Summary Judgment
Page 10

declaratory action as those raised in this case. The Court denied the motions, stating that the Court could not resolve the issues involving whether Plaintiff had failed to comply with post loss conditions or had committed fraud at the summary judgment stage. (See Garden-Aire, D.E. 135) The Court considered the holding in *Oceania I*, stating that *Oceania I* "did not stand for the proposition that suit to compel appraisal is "dead in the water" once an insurer denies coverage," as Judge Seitz's order "did not terminate proceedings." However, the Court in *Garden-Aire* did not address the distinction between *Oceania* and *Garden-Aire* (as well as 200 Leslie): In *Oceania I* the complaint sought both declaratory relief **and damages** based upon breach of the insurance contract. See "Complaint for Declaratory Relief and Damages," D.E. 1-4 at 7 in *Oceania I*.

While the term "dead in the water" might be subject to interpretation, what is clear is that in *Oceania I* the Court denied the petition to compel appraisal. However, there remained a breach of contract claim which Plaintiff was able to pursue after the petition to compel appraisal was denied. In *Corzo*, the Court granted summary judgment denying an insured's action to compel appraisal. The Court noted that because coverage had been denied, "the plaintiff's had sought the wrong remedy." The Court noted that the Plaintiff could then bring suit on the insurance policy. *Id*. at 585. In this instance, Plaintiff has sought the wrong remedy. Under these circumstances 200 LESLIE may attempt to pursue a breach of contract action for damages.

At a recent discovery hearing on October 31, 2012, this Court questioned the Parties regarding the current posture of the case. The Court requested QBE to explain its position on the demand for appraisal, following QBE's denial of the claim: "There has

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 11 of 14

*200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Motion for Summary Judgment*
**Page 11**

been now a denial, and out-flat denial of the claim. So what does that do to the demand for appraisal?" (D.E. 127, p.14, 12-14)  Further, the following discussion occurred:

| | |
|---|---|
| THE COURT: | So is their remedy now, a breach of contract claim against the insurance company? |
| MS. MERCHANT: | That's exactly right, Judge. That is exactly right, Judge. The remedy then is a claim for breach of contract. |
| THE COURT: | And that brings in then your defenses of fraud and failure to comply, you know, like - |
| MR. XANTTOPOULOS: | That's right. |
| THE COURT: | -- their breach, and so on? |
| MR. XANTTOPOULOS: | That's right, Your Honor. |
| THE COURT: | Okay. All right. What about I guess then that would kind of moot from your perspective, and I am not making any decisions. I am just engaging in the colloquy. |
| | **** |
| Mr. Golant: | Declaratory judgments concerning insurance coverage are very common, and the procedure is actually discussed [in the] Middle District's opinion in 3 Palms Point versus State Farm, and that was affirmed by the 11th Circuit on slightly different grounds, but the analysis that I am referring to is found in the Middle District's opinion, and there the court describes that the insured can seek judicial enforcement of the appraisal clause and then the insurer can raise an affirmative defense, and that includes an affirmative defense of fraud specifically to coverage, and then the court can then adjudicate those defenses. So it is well-settled in both the Florida Supreme Court and the 11th Circuit that an insured can enforce the appraisal clause in a property insurance policy, even when the insurer denies coverage. |

(D.E. 127, p.15-16, 19-6, p. 20-21, 20-5)

While the issue of appraisal was not before the Court during the October 31, 2012 discovery hearing, the Court aptly inquired as to the effect of the denial of the

Case 0:10-cv-61984-AOR Document 143 Entered on FLSD Docket 12/03/2012 Page 12 of 14

200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.
Defendant's Motion for Summary Judgment
Page 12

claim on the action to compel appraisal. It should be noted that the authority cited by Mr. Golant does not stand for the proposition that, after the insurer has denied the claim in its entirety or denied coverage, the insured can then seek to compel appraisal.

There is no issue of fact that QBE has denied 200 Leslie's claim in its entirety and declared the Policy to be void. Accordingly, Plaintiff is not entitled to appraisal. The Court should enter summary judgment dismissing Count II of the Second Amended Complaint.

### G. Count I should be summarily dismissed as Plaintiff's claim for window coverage (Count I) is moot and should be dismissed as a matter of law.[1]

Plaintiff seeks a declaration establishing that windows are covered under the insurance contract (Count I). [See D.E.70]. However, QBE does not dispute that windows for which Plaintiff seeks replacement are covered property under the policy. QBE has never communicated that windows to individual units on the subject property were not covered under the insurance contract. (See SF at ¶ 31). In addition, QBE has denied Plaintiff's claim in full, voiding the Policy. In making its decision, QBE advised Plaintiff that the decision was being made independently of any coverage issue related to windows. [S.F. 23, Exhibit C] As a result, there is no basis to maintain a declaratory action as to the coverage for windows as there has been no disagreement between the Parties.

Accordingly, Count I of Plaintiff's Second Amended Complaint is moot and should be dismissed.

---

[1] See QBE's Eleventh Affirmative Defenses. [D.E. 113 at p. 12].

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 13 of 14

200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.
Defendant's Motion for Summary Judgment
Page 13

## Conclusion

For the reasons set forth above, the Court should grant summary judgment dismissing Plaintiff's Complaint and in favor of QBE.

**WHEREFORE**, Defendant, QBE INSURANCE CORPORATION, respectfully requests this Honorable Court grant the instant motion, enter an order for summary judgment in favor of QBE, and grant such other relief as this Honorable Court deems just and fair under the circumstances herein.

Respectfully submitted,

S/William Xanttopoulos
William S. Berk
Florida Bar No. 49828
wberk@berklawfirm.com
William Xanttopoulos
Florida Bar No. 997668
wxanttopoulos@berklawfirm.com
BERK, MERCHANT & SIMS, PLC
2 Alhambra Plaza, Suite 700
Gables, Florida 33134
Telephone: (786) 338-2900 Facsimile: (786) 338-2888
*Co-Counsel for QBE Insurance Corporation*

S/ Amy Millan DeMartino
Amy Millan DeMartino
Florida Bar No. 0555886
WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
Attorney for QBE Insurance Corporation
P.O. Box 2508
West Palm Beach, Florida 33401-2508
Phone: (561) 689-3800
Fax: (561) 689-9206
*Co-Counsel for QBE Ins. Corp.*

Case 0:10-cv-61984-AOR   Document 143   Entered on FLSD Docket 12/03/2012   Page 14 of 14

*200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*
*Defendant's Motion for Summary Judgment*
**Page 14**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 3, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

/s/William Xanttopoulos
William Xanttopoulos

## SERVICE LIST

Raoul G. Cantero (via notice of electronic filing)
rcantero@whitecase.com
WHITE & CASE LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, Florida  33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
*Co-Counsel for QBE Insurance Corporation*

Jeffrey N. Golant (via notice of electronic filing)
jgolant@jeffreygolantlaw.com
THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.
1000 W. McNab Road, Suite 150
Pompano Beach, Florida  33069
Telephone: (954) 942-5270
Facsimile:  (954) 942-5272
*Counsel for 200 Leslie Condominium Association, Inc.*

William F. Merlin, Esquire (via notice of electronic filing)
wmerlin@merlinlawgroup.com
William C. Harris, Esquire (via notice of electronic filing)
charris@merlinlawgroup.com
Doug L. Grose, Esquire (via notice of electronic filing)
dgrose@merlinlawgroup.com
Jean F. Niven, Esquire (via notice of electronic filing)
jniven@merlinlawgroup.com
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, FL  33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
*Co-Counsel for 200 Leslie Condominium Association, Inc.*