71555-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-61984-CIV-OTAZO-REYES

**CONSENT CASE**

200 LESLIE CONDOMINIUM ASSOCIATION,
INC., a Florida corporation,

Plaintiff,

vs.

QBE INSURANCE CORPORATION,
A Pennsylvania corporation,

Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO QBE'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM OF LAW**

The Defendant, QBE INSURANCE CORPORATION ("QBE"), pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Florida, files this Reply to Plaintiff's Response to Motion for Summary Judgment [D.E. 160] and submits that QBE is entitled to summary judgment as a matter of law:

**1.   QBE's Statement of Material Facts should be deemed admitted for Plaintiff's failure to controvert those material facts.**

As an initial matter, QBE filed its Statement of Material Facts [D.E. 144] in support of its Motion for Summary Judgment and Memorandum of Law [D.E. 143]. Although the Plaintiff filed an Opposition to QBE's Motion [D.E. 160], it failed to file any opposition to QBE's Statement of Material Facts.  Local Rule 56.1 governing Motions for Summary Judgment filed in the Southern District states:

**(a) Statement of Material Facts.**

A motion for summary judgment **and the opposition thereto** shall be accompanied by a statement of material facts as to which it is contended

that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively. The statement shall:

(1) Not exceed ten (10) pages in length;
(2) Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court; and
(3) Consist of separately numbered paragraphs.

**(b) Effect of Failure to Controvert Statement of Undisputed Facts.**

All material facts set forth in the movant's statement filed and supported as required above **will be deemed admitted unless controverted by the opposing party's statement**, provided that the Court finds that the movant's statement is supported by evidence in the record. (emphasis added) S.D. Fla. L.R. 56.1.

QBE's Statement of Material Facts indeed sets forth specific facts supported by evidence in the record, including documents that were filed with the Statement of Material Facts. As the Plaintiff failed to controvert the material facts set forth in QBE's Statement, such facts should be deemed admitted under the Local Rules for the Southern District.

The Southern District has also held that once the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to "go beyond the pleadings" and present competent evidence designating "specific facts" showing that there is a genuine issue for trial." *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516-CIV-SCOLA, 2012 WL 5199604, *2 (S.D. Fla. Oct. 22, 2012), citing *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir.2010) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *Weiner*, 2012 WL 5199604 * 2 (citations omitted). Likewise, a nonmovant cannot defeat summary judgment by relying upon conclusory assertions. *Weiner*, 2012 WL 5199604 * 2, citing *MaddoxJones v. Bd. of Regents of Univ. of Ga.*, 2011 WL 5903518, at *2 (11th Cir. Nov.22, 2011).

2

QBE first moves this Court to deem all material facts set forth in QBE's Statement of Material Facts in Support of its Motion for Summary Judgment [D.E. 144] to be deemed admitted, and QBE's Motion should be granted in its entirety.

**2.      Plaintiff agrees that "no further judicial labor is necessary" to resolve Count I, and Count I should be dismissed as moot.**

Even if this Court does not grant QBE's Motion by deeming all of its Material Facts admitted, Plaintiff's response in opposition fails to provide any legal basis to deny QBE's motion. In addressing QBE's argument on Count I Plaintiff states: "it would appear to Plaintiff that QBE is correct that no further judicial labor is necessary in order to resolve that issue." (See opposition, D.E. 160 at 20) Therefore, Count I should be dismissed as moot, as there is no longer a live controversy for this Court following QBE's denial of the claim in its entirety. *See also Garden-Aire Village South Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV-DIMITROLEAS, D.E. 135 at 4 (S.D. Fla. Nov. 20, 2012) (finding that because there is no longer a controversy between the parties on whether the windows are covered, the declaratory action should be dismissed for lack of jurisdiction).

Although Plaintiff agrees that Count I is no longer ripe for judicial determination, Plaintiff contends that it is now a "prevailing party" on Count I and is entitled to attorney's fees. While the Plaintiff fails to cite to any legal authority to support its position, the Plaintiff fails to recognize that there was no issue in Count I on which it could prevail. QBE *never* disputed that the windows and sliding glass doors at 200 Leslie were covered property under the insurance contract. [DE 144, ¶ 30] As set forth in its Statement of Material Facts in Support of its Motion for Summary Judgment [D.E. 144, ¶23], QBE denied the claim in full, voiding the policy. Even if the issue of whether Plaintiff is a "prevailing party" was before the Court at this time, there is no legal or factual basis that Plaintiff "prevailed" on an issue that was never in dispute and for which is deemed moot at our request in Section 2, *supra*. Notably, Plaintiff's Response to Request for Admission Number 9 [D.E. 144, ¶30] admits that "QBE has never communicated to Plaintiff that windows and sliding glass doors to individual units at 200 Leslie are not 'covered property' under the Policy."

CASE NO. 10-61984-CIV-AOR

Accordingly, Count I of Plaintiff's Second Amended Complaint should be dismissed as moot. As such, Plaintiff is not the prevailing party.

3. **Count II – Plaintiff is not entitled to appraisal where the claim has been denied in its entirety.**

Plaintiff relies on two cases to counter QBE's legal authority that where a claim is denied in its entirety Plaintiff is not entitled to appraisal. However, the holdings and facts of those cases are distinguishable from those herein. Plaintiff incorrectly suggests *Allstate Ins. Co. v. Suarez*,[1] 786 So.2d 645 (Fla. 3d DCA, 2001)(*Aff'd* 833 So.2d 762 (Fla. 2002)) stands for the proposition that appraisal is ripe even where an insurer has denied the claim. Plaintiff apparently relies on the statement in *Suarez* that after Plaintiff made a supplemental claim, "Allstate denied the claim, contending that the amount paid in September of 1997 fully reimbursed the Plaintiffs for any damage caused by Hurricane Andrew." *Suarez*, 786 So. 2d at 645. However, *Allstate never refused to go to appraisal.* The legal issue in *Suarez* was whether the insurance policy required a "formal arbitration hearing" as defined by Florida statute rather than an "informal appraisal proceeding." The Third District Court of Appeal did not consider the right to appraisal where a claim was denied in its entirety. Further, the Florida Supreme Court, accepting jurisdiction, adopted the holding in *Suarez* that the policy provides for appraisal as opposed to arbitration. *Suarez*, 833 So. 2d. at 765.

As noted, *Suarez* indicated that the insurer "denied the claim, contending that the amount paid in September of 1992 fully reimbursed the plaintiffs for any damage caused by Hurricane Andrew." *Suarez*, 786 So. 2d at 645. QBE has not denied this claim on the basis that it has already paid the claim or disagrees with Plaintiff's valuation. Rather QBE's denial is based on Plaintiff's material breach of the policy's post loss conditions and the fraud provision, all of which voids the policy. [D.E. 144, ¶23]

Plaintiff also mistakenly relies on *Three Palms Pointe, Inc. v. State Farm Fire and Cas. Co*, 250 F. Supp. 2d 1357 (M.D. Fla. 2003). *Three Palms* sought to confirm an

---

[1] The opposition provides incorrect citations to the *Suarez* case as "7**68** So.2d 645 (Fla. 3d DCA, 2001)(*Aff'd* 833 So.2d 7**52**)," (emphasis added) but the correct citations have been provided above.

4

appraisal award where the parties had *already participated in the appraisal process*. *Id.* at 1359. The parties disagreed on the amount of loss caused by the "collapse" and what costs were covered under the policy. *Id.* Similarly, Plaintiffs cannot find support in *Muckenfuss v. Hanover Ins. Co.*, No. 5:05-cv-261-Oc-10GRJ, 2007 WL 1174098 (M.D. Fla. April 18, 2007), where the insurer admitted the existence of a covered loss, but disputed the amount of that loss and that it had breached the subject policy. *Id.* at *1.

Neither *Three Palms Pointe* nor *Muckenfuss* involves an insurer's denial of the insured's claim in *its entirety*; both involve cases where the appraisal process had already occurred and there were issues of coverage raised after appraisal. Here, QBE wholly denied 200 LESLIE'S claim for its failure to comply with post loss conditions and its presentation of a falsely inflated claim. [D.E. 144, ¶23]

Plaintiff attempts to deflect controlling cases in the Southern District and in Florida that have declined to compel appraisal where the insurer denied the claim *in its entirety* by claiming Defendant is being deceptive. Further, Plaintiff attempts to distinguish those cases by focusing on the posture of those cases to support its position that this court should send this matter to appraisal, despite the denial of coverage. In *Oceania I Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 11–20578–CIV-SEITZ, 2011 WL 1984483 (S.D. Fla. May 20, 2011), Plaintiff narrowly focuses on Judge Seitz's statement that the insured was not "currently" entitled to appraisal. [D.E. 160 at 4] To be clear, Judge Seitz's complete statement was "**Because coverage for the claim has been denied in its entirety, Plaintiffs are not currently entitled to appraisal**." (emphasis added) *Oceania I*, 2011 WL 1984483, *1. Judge Seitz's order and opinion are clear in this context. *Oceania I* was also clear in citing to the Florida Supreme Court's decision in *Johnson v. Nationwide Mutual Insurance Co.,* 828 So.2d 1021 (Fla. 2002), which distinguished when appraisal was appropriate:

> Under Florida law, "when the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid." *Johnson v. Nationwide Mutual Insurance Co.,* 828 So.2d 1021, 1025 (Fla.2002) (quoting *Gonzalez v. State Farm Fire & Casualty Co.,* 805 So.2d 814, 816–17 (Fla. 3d DCA 2000)). However, whether the claim is covered by the policy is a question for judicial determination. *Johnson,* 828 So.2d at 1025. Thus, when the claim

has been denied in its entirety based on lack of coverage, appraisal is not appropriate. *Oceania I*, 2011 WL 1984483, *1.

Plaintiff also believes that "absolutely nothing" in *Oceania I* suggests that appraisal could not be pursued if the court ultimately rejected QBE's fraud defense. However, *Oceania I* denied the plaintiff's request for appraisal so that the parties could proceed with the litigation for the breach of contract claim for damages. *Oceania I* could not be clearer: "Thus, because QBE has declared the policy void, there is no covered claim and therefore the parties cannot disagree over the amount of any covered claim. Consequently, appraisal is not appropriate." *Id.* at *2.

Plaintiff also attempts to distinguish the decision in *Monterey Homeowners Ass'n, Inc. v. Glencoe Ins. Ltd.*, Case No. 10-21062-CIV-MOORE, D.E. 26 (S.D. Fla. Jan. 13, 2011), in the same manner, even though Judge Moore **granted summary judgment** in that case and denied appraisal. Like *Oceania I*, *Monterey* also cites to the Florida Supreme Court's decision in *Johnson* that causation is a coverage question for the court when an insurer wholly denies that there is a covered loss." *Monterey* at p. 4, citing *Johnson*, 828 So. 2d at 1022. Interestingly, Plaintiff asserts that the instant case "falls squarely" into the holding of *Kendall Lakes Townhomes Developers, Inc. v. Agricultural Excess and Surplus Lines Ins. Co.*,[2] 916 So. 2d 12 (Fla. 3d DCA 2005). However, the plaintiff in *Monterey* made a similar argument, which was rejected by the Southern District. Judge Moore aptly stated:

> This case is distinguishable from *Kendall Lakes Townhomes*. 916 So. 2d 12. There, the insurer admitted the policy covered part of the damages. *Id.* at 15. As such, the issue in *Kendall Lakes Townhomes* was the amount of loss and how causation of damages affected the total loss. See id. at 16 (stating that "the insurance carrier agrees that there is a covered loss, but disagrees as to the amount of loss"). Conversely, **the issue here is whether the third claim is even covered by the policy** because of how the damages were caused. **Glencoe wholly denies** that the policy covers the damages because the damages "were not caused by the Windstorm or Hail event covered under the policy . . . [but by] a direct result of age, deterioration, wear and tear, your client's neglect to properly maintain the

---

[2] Plaintiff improperly refers to this case with the parties in reverse, as "*Agricultural Excess and Surplus Lines Ins. Co. v. Kendall Lakes Townhomes Developers, Inc.*"

property." **Hence, it is proper for a court, not an appraiser, to address the coverage issues.** (citations omitted) (emphasis added)

Here, as in *Monterey*, QBE has wholly denied the claim, making it proper for a court to address coverage issues, rather than an appraiser. Similarly, the other cases cited by QBE in its Summary Judgment motion, *Hartford Casualty Ins. Co. v. 600 La Peninsula Condo Ass'n*, No. 2:09-cv-501-FTM-29SPC, 2010 WL 555686 (M.D. Fla. Feb. 10, 2010), *State Farm Fire and Cas. Co. v. Wingate*, 604 So. 2d 578 (Fla. 4th DCA 1992), and *Corzo v. American Superior Ins. Co.*, 847 So. 2d 584 (Fla. 3d DCA 2003), all involve complete denials of the claim and reached the conclusion that appraisal was not proper. While the Plaintiff continuously asserts that none of these cases state that appraisal would "never" be appropriate, unfortunately for Plaintiff, the same denial of coverage exists here as in those cases, which clearly hold that appraisal is not the appropriate remedy. Rather, in each case, see *Oceania I*, there remained a pending breach of contract action. Additionally, in *Corzo,* unlike *Oceania I*, the plaintiffs filed a lawsuit in which the sole claim for relief was a demand for appraisal. *Id.* at 585. The trial court entered summary judgment in favor of the insurer on the demand for appraisal, and the Third District Court of Appeal affirmed. *Id.* Summary judgment against 200 LESLIE on Count II for appraisal should similarly be granted.

There is no Florida case law holding that where a claim has been denied in its entirety, as here, appraisal is available. See *Oceania I*, 2011 WL 1984483, *2 (Holding that because QBE declared the policy void, there is no covered claim, the parties cannot disagree over the amount of any covered claim, and appraisal is not appropriate); *767 Bldg., LLC v. Allstate Ins. Co.*, 10-60007-CIV-ALTONAGA, 2010 WL 1796564, *2 (S.D. Fla., May 04, 2010), citing *Johnson*, 828 So. 2d at 1022 (Causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is a covered loss, the amount of which is disputed); *Sabga v. Lexington Ins. Co.*, No. 12-21939-CIV-ALTONAGA, Docket Entry 24 (S.D. Fla. Aug. 2, 2012) (Holding plaintiffs who filed a declaratory action are not presently entitled to appraisal where insurer claimed that incident was caused by an excluded cause of loss.); *Monterey Homes* at

CASE NO. 10-61984-CIV-AOR

Docket Entry 26 at 7 ("Glencoe wholly denies that the policy covers damages because the damages "were not caused by the Windstorm or Hail event covered under the policy…. Hence, it is proper for a court, not an appraiser, to address the coverage issues."); *600 La Peninsula*, 2010 WL 555686 at *2 ("Since Hartford is wholly denying that the December 2008 claim is even covered, exclusive of the post-loss compliance issue, the Court finds that this is a judicial question that cannot be determined by an appraiser and must first be determined by the trial court.") (internal citations omitted); *Wingate*, 604 So.2d at 579 (Concluding that first issue is one of coverage where insurer determined the policy was void and granting a stay of action for appraisal.); and *Apple v. Allstate Ins. Co.*, 3:09-CV-398-J-25TEM, 2010 WL 2509887, *3 (M.D. Fla. 2010) (Denying motion to compel appraisal where the parties dispute whether items are covered by the policy).

Florida law provides that the "misrepresentation, concealment or fraud" provision in a property insurance policy is valid and enforceable. *See Paulucci v. Liberty Mutual Fire Ins. Co.*, 190 F.Supp.2d 1312 (M.D. Fla. 2002); *Valdez v. Consolidated Property & Cas. Co.*, 762 So. 2d 1034 (Fla. 3d DCA 2000); *Wong Ken v. State Farm*, 685 So. 2d 1002 (Fla. 3d DCA 1997). Intentionally submitting an inflated and exaggerated claim is fraud. In *Schneer v. Allstate*, 767 So. 2d 485 (Fla. 3d DCA 2000), coverage for the entire hurricane damage claim to a home was deemed void due to inflation of the amount of just one aspect of claim. Intentionally misrepresenting or inflating the amount of the loss in a Sworn Statement in Proof of Loss as to any aspect of the claim voids the entire coverage. *Wong Ken*, 685 So. 2d at 1003.

In the instant case, QBE has unequivocally denied liability under the insurance policy and declared the policy void pursuant to the valid and enforceable fraud provision. [DE 144, ¶23] In addition, QBE denied the claim because of the Plaintiff's failure to comply with post-loss conditions. Indeed the purpose of such post-loss conditions "is to enable the insurer to possess itself of all knowledge and all information as to other sources and means of knowledge, in regard to the facts, material to its rights, to enable it to decide upon its obligations and to protect it against false claims." *Goldman v. State Farm*, 660 So. 2d 300, 306 (Fla. 4th DCA 1995); and *Clafin v. Commonwealth Ins. Co.*, 110 U.S. 81, 94-96, 3 S.Ct. 507, 515, 28 L.Ed. 76 (1884). Further, these post-loss

CASE NO. 10-61984-CIV-AOR

obligations "provide the insurer with an independent means by which to determine the amount of loss, as opposed to relying solely on the representations of the insured." *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771 (11th Cir. 2000). The Florida Supreme Court also recognized "that express conditions in an insurance contract are part of the consideration for the insurer to assume the risk and that the insured, by accepting the policy, becomes bound by these conditions." *Galindo,* 203 F.3d at FN9, citing *Southern Home Ins. Co. v. Putnal*, 49 So. 922, 932-33 (Fla. 1909).

As the Plaintiff's claim has been denied in its entirety for its material breach of the contract for its failure to comply with post loss conditions and its presentation of an inflated claim, as held by Judge Seitz, Judge Altonaga and Judge Moore in the Southern District, as well as the Florida Supreme Court in *Johnson*, QBE is entitled to a judgment as a matter of law that appraisal is not available to 200 Leslie and this Court should grant QBE's Motion for Summary Judgment that Plaintiff is not entitled to appraisal; Plaintiff's remedy, if any, is to pursue a breach of contract claim against QBE for breach of contract. *See e.g. 767 Building*, 2010 WL 1796564, *2 (where Plaintiffs filed a complaint seeking to compel appraisal *and damages for breach of contract*; appraisal was denied where insurer wholly denied the claim) and *Oceania I*, 2011 WL 1984483, *1 and at Docket Entry 1-4 at 7 (plaintiffs filed complaint for declaratory relief and damages based upon breach of the insurance contract; appraisal was denied where insurer wholly denied the claim).

WHEREFORE, the Defendant QBE INSURANCE CORPORATION, respectfully requests this Court to grant its Motion for Summary Judgment for the reasons set forth in its Motion and related filings and for other relief as this court deems proper.

CASE NO. 10-61984-CIV-AOR

I HEREBY CERTIFY that on January 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
Attorney for QBE Insurance Corporation
P.O. Box 2508
West Palm Beach, Florida 33401-2508
Phone: (561) 689-3800
Fax: (561) 689-9206

By: _s/ Amy Millan DeMartino_____
    Amy Millan DeMartino
    Florida Bar No. 0555886

**Service List**

William Corretti Harris
William F. Merlin , Jr.
Jean Frances Niven
Douglas Leon Grose
Merlin Law Group, P.A.
777 South Harbour Island Blvd., Ste. 950
Tampa, FL 33602
813-229-1000
Fax: 813-229-.3692

Jeffrey N. Golant
1000 W McNab Road
Suite 150
Pompano Beach, FL 33069
954-942-5270
Fax: 954-942-5272

Evelyn M. Merchant, Esq.
William S. Berk, Esq.
William Xanttopoulos, Esq.
Berk Merchant & Sims PLC

10

CASE NO. 10-61984-CIV-AOR

2 Alhambra Plaza
Suite 700
Coral Gables, FL 33134
786-338-2900
Fax: 786-338-2888

Raoul G. Cantero , III
Maria Josefa Beguiristain
Rachel Wagner Furst
White & Case LLP
Southeast Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131-2352
305-995-5290
Fax: 305-358-5744

11