UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61984-CIV-OTAZO-REYES

CONSENT

200 LESLIE CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.

QBE INSURANCE CORPORATION,

      Defendant.
_____/

## ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT AS TO COUNT II OF THE THIRD AMENDED COMPLAINT

THIS CAUSE came before the Court upon Plaintiff 200 Leslie Condominium Association, Inc.'s ("200 Leslie") Motion for Summary Judgment [D.E. 137] and Defendant QBE Insurance Corporation's ("QBE") Motion for Summary Judgment [D.E. 143]. The Court heard the arguments of counsel on the cross-motions for summary judgment at the Pretrial Conference held on January 7, 2013. Upon a thorough review of the summary judgment record and consideration of the written and oral arguments of counsel, the Court DENIES the parties' cross-motions as to Count II of the Third Amended Complaint.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

This action arises from damages that 200 Leslie claims to have sustained as a result of Hurricane Wilma in 2005. QBE was the condominium's property insurer at the time of hurricane. Based on its estimate that the damages sustained by 200 Leslie were less than the

---

[1] Pursuant to the parties' agreement at the Pretrial Conference, and as reflected in the Court's Supplemental Order Re: Pretrial Conference [D.E. 189], the Court is not addressing in this Order Count I of the Third Amended Complaint and will dispose of it after trial.

insurance policy deductible, QBE did not pay any benefits to 200 Leslie in 2005. In 2010, 200 Leslie commenced this action alleging that its hurricane damages exceed the policy deductible [D.E. 1].

In Count I of its Third Amended Complaint [D.E. 70], 200 Leslie seeks a declaratory judgment establishing that the glass windows and sliding glass doors in the individual condominium units are covered under the insurance policy (hereafter, "the windows and doors claim"). QBE has made a formal admission that these items are covered property under the policy [D.E. 143 at 12; D.E. 162 at 18].[2]

In Count II of its pleading, 200 Leslie seeks a declaratory judgment that the amount of 200 Leslie's hurricane damages must be resolved through the appraisal process set out in the insurance policy (hereafter, "the appraisal claim").

In its Answer, QBE asserts twelve affirmative defenses, including that 200 Leslie breached the insurance policy by not complying with the policy's post-loss conditions, that 200 Leslie is not entitled to an appraisal because QBE has denied the claim in its entirety and that the claim is barred due to 200 Leslie's fraud and concealment of material facts concerning the claim.

In seeking summary judgment on its appraisal claim, 200 Leslie contends that QBE cannot prevail on any of its affirmative defenses as a matter of law. QBE, in turn, seeks summary judgment on the basis that its denial of 200 Leslie's claim renders the appraisal process unavailable and 200 Leslie's only available claim is one for breach of contract.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the movant shows that there is no

---

[2] While the parties agree that this admission renders any further judicial labor unnecessary as to Count I, they disagree on whether the Court should dismiss it as moot or render summary judgment. For this reason, the Court is allowing the parties to submit additional briefing and deferring disposition of Count I until after trial.

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Moore ex rel. Moore v. Reese, 637 F.3d 1220, 1232 (11th Cir. 2011) (internal citation and quotation marks omitted). The "genuine issue summary judgment standard is very close to the reasonable jury directed verdict standard . . . . In essence [] the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (internal citation and quotation marks omitted).

In considering a motion for summary judgment, a court is to view the facts and draw "all reasonable inferences in favor of the nonmoving party." Reese, 637 F.3d at 1231; see also Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1454 (11th Cir. 1998) (stating that the court is "required to view the facts in the light most favorable to the nonmovant"). A court should not grant summary judgment "[i]f a reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact." Cornelius v. Town of Highland Lake, Ala., 880 F.2d 348, 351 (11th Cir. 1989), *overruled* on other grounds by White v. Lemacks, 183 F.3d 1253 (11th Cir. 1999). "All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party." Pippin v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania, 845 F. Supp. 849, 850 (M.D. Fla. 1994).

## UNDISPUTED MATERIAL FACTS

1. QBE's commercial property insurance policy covering 200 Leslie was in force and effect at the time Hurricane Wilma struck South Florida in October, 2005.

2. After 200 Leslie notified QBE that it had suffered hurricane damages, QBE

determined that the loss was below the $610,039.00 policy deductible and paid no benefits.

3.     In 2010, 200 Leslie commenced this action alleging that its hurricane damages exceed the policy limit.

4.     On August 4, 2011, 200 Leslie provided to QBE a Sworn Statement in Proof of Loss stating that its "whole loss and damage" is $10,934,677.49. [D.E. 137-3 at 1]. Close to $8 million of this amount is for the glass windows and sliding glass doors that 200 Leslie contends are covered by the policy.

5.     200 Leslie crossed-out from the proof of loss form language stating that "no articles are mentioned herein or in the annexed schedules but such as were destroyed or damaged at the time of said loss." Id.

6.     On December 20, 2011, 200 Leslie's representative submitted to an Examination Under Oath by QBE.

7.     On September 21, 2012, QBE sent to 200 Leslie a letter denying 200 Leslie's hurricane damages claim in its entirety on the grounds that 200 Leslie had failed to comply with its post-loss obligations and that 200 Leslie's purported misrepresentations regarding its damages voided all coverage under the policy.

## **DISCUSSION**

The issues framed by the parties' cross-motions for summary judgment are: (1) whether QBE is entitled to a judgment as a matter of law on the appraisal claim based on QBE's denial of 200 Leslie's damages claim; and (2) whether 200 Leslie is entitled to a judgment as a matter of law on the appraisal claim because all of QBE's affirmative defenses are insufficient. The Court answers both questions in the negative.

### 1. Whether QBE is entitled to a judgment as a matter of law on the appraisal claim based on QBE's denial of 200 Leslie's damages claim

In its written and oral submissions, QBE has argued that, as a result of its denial of 200 Leslie's claim and its voiding of the policy on September 21, 2012, the appraisal process is not available. However, the cases cited by QBE do not support such an absolute proposition. In this regard, the undersigned completely agrees with the Honorable William P. Dimitrouleas' restatement of the proposition as: "When an insurer denies coverage in its entirety, either for being void or for failure to comply with conditions precedent, there is no right to appraisal **until the merits of these defenses can be ascertained**." Garden-Aire Village S. Condo. Ass'n Inc. v. QBE Ins. Corp., Case No. 10-61985 [D.E. 135 at 6] (emphasis added). After making this determination, Judge Dimitrouleas proceeded to try Garden-Aire's claim for a declaratory judgment that it was entitled to proceed to an appraisal. Because 200 Leslie's appraisal claim is similar to Garden-Aire's and QBE has asserted the same defenses against 200 Leslie, the undersigned concludes that Judge Dimitrouleas' statement is equally applicable to this case.

Moreover, the main case upon which QBE relies in arguing that 200 Leslie's appraisal claim is absolutely barred, Corzo v. Am. Superior Ins. Co., 847 So.2d 584 (Fla. 3d DCA 2003), is distinguishable. In Corzo, the insurer denied the insured's claim in its entirety on the ground that it was not covered by the policy. Id. at 585. The Third District Court of Appeal affirmed the issuance of summary judgment against the insured, who had brought a single count complaint seeking to compel appraisal without challenging the insurer's interpretation of the policy. Id. The court ruled that "the request for appraisal was premature absent a determination that coverage exists under the insurance policy." Id. In this case, none of QBE's affirmative defenses are based on a denial of coverage. In fact, QBE has admitted that its policy covers glass windows and glass sliding doors in the individual condominium units, which represent the bulk

5

of the damages that 200 Leslie seeks to recover through the appraisal process. Therefore, Corzo's bar of the appraisal claim is not applicable here.

Based on the foregoing, the Court concludes that QBE is not entitled to summary judgment on the appraisal claim and that the claim should proceed to trial.[3]

### 2. Whether 200 Leslie is entitled to a judgment as a matter of law on the appraisal claim because all of QBE's affirmative defenses are insufficient

200 Leslie's Motion for Summary Judgment is predicated on its argument that all twelve of QBE's affirmative defenses fail as a matter of law. However, as discussed below, the undersigned finds that material issues of fact as to at least some of the affirmative defenses foreclose this conclusion.

#### a. Compliance with Post-Loss Conditions (First, Second and Third Affirmative Defenses)

200 Leslie argues that, because it submitted a sworn proof of loss, submitted to an examination under oath and gave QBE access to its books and records, it sufficiently complied with the policy's post-lost conditions as a matter of law. 200 Leslie further argues that, even if it did not fully comply with these conditions, QBE has not shown that it suffered any prejudice from such failure. It is undisputed that 200 Leslie submitted a modified proof of loss form when it struck the language stating that "no articles are mentioned herein or in the annexed schedules but such as were destroyed or damaged at the time of said loss" and QBE contends that such action rendered compliance insufficient. The Court concludes that this fact alone precludes a

---

[3] Having concluded that Corzo is distinguishable, the undersigned finds no necessity for amending the pleadings to broaden their scope and encompass the issues raised by QBE's defenses, as Judge Dimitrouleas did in Garden-Aire based on Corzo. [Case No. 10-61985, D.E. 135 at 7-8]. Indeed, the undersigned finds that the pleadings in their present form sufficiently frame the issues for trial. Further, in contrast to its posture in Garden-Aire, QBE has not asked in this case that its affirmative defenses be converted to counterclaims, a matter that Judge Dimitrouleas took into consideration when he decided that the pleadings should be amended. [Case No. 10-61985, D.E. 135 at 8]; Transcript of Pretrial Conference [D.E. 195 at 82:1-5].

finding of compliance with the policy's post-lost conditions as a matter of law. Further, whether or not QBE suffered prejudice as a result of 200 Leslie's purported failures is a factual issue that is best reserved for the trier of fact. Therefore, the compliance with post-loss conditions affirmative defenses preclude granting summary judgment in favor of 200 Leslie.

### b. Fraud and Concealment (Twelfth Affirmative Defense)

200 Leslie also argues that it is entitled to judgment as a matter of law on this defense because QBE has failed to identify a single false representation made by it or any affirmative act taken by it to prevent QBE from discovering relevant information regarding 200 Leslie's claim. In response, QBE argues that 200 Leslie's purportedly inflated proof of loss supports this defense, relying on Schneer v. Allstate Indem. Co., 767 So.2d 485 (Fla. 3d DCA 2000). At the Pretrial Conference, QBE further stated that its representative had testified at deposition that 200 Leslie's claim was inflated, thereby creating an issue of fact that precludes summary judgment on this affirmative defense. [D.E. 195 at 30:11-31:21]. Therefore, the Court concludes that this affirmative defense also precludes granting summary judgment in favor of 200 Leslie.

### c. Other Affirmative Defenses (Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh)

With regarding to these affirmative defenses, 200 Leslie generally argues that they are either inappropriate or facially insufficient, thereby entitling it to summary judgment. Because other defenses preclude summary judgment, the Court need not address this argument further. Nevertheless, the following points merit mention to assist the parties in preparing for trial.

200 Leslie argues that the Fourth, Fifth and Sixth Affirmative Defenses, which assert various excluded causes of loss, should be addressed in the context of the appraisal process rather than in determining whether to compel the process. Because QBE's response does not address this argument, the Court concludes that it has been conceded. Therefore, these defenses

7

will not be addressed at trial but QBE may reserve them for the appraisal process, should 200 Leslie prevail at trial.

In its Seventh Affirmative Defense, QBE contends that 200 Leslie's recovery for glass windows and sliding glass doors would be limited to actual cash value pursuant to the policy terms. The Court concludes that, similar to the excluded causes of loss defenses, this defense should be addressed in the context of the appraisal process rather than in determining whether to compel the process. Therefore, it will not be addressed at trial but QBE may reserve it for the appraisal process.

The Eighth Affirmative Defense is based on the applicable statute of limitations. In its motion, 200 Leslie argues that this defense is inapplicable because the action was brought within the limitations period. In its response, QBE does not address 200 Leslie's contention. Therefore, this defense is deemed withdrawn and will not be addressed at trial.

In its response, QBE states that the Ninth and Eleventh Affirmative Defenses pertain to the windows and doors claim, which the parties agree does not require further judicial labor other than how to dispose of it. Therefore, these defenses will not be addressed at trial.

The Tenth Affirmative Defense, that 200 Leslie is not entitled to appraisal due to QBE's denial of its damages claim, has already been considered in the context of QBE's Motion for Summary Judgment and will be addressed at trial.

Having reviewed all of QBE's Affirmative Defenses, the Court concludes that issues of fact and/or law presented by some of these defenses preclude granting summary judgment to 200 Leslie on its appraisal claim.

## CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that 200 Leslie's Motion for Summary Judgment [D.E. 137] and QBE's Motion for Summary Judgment [D.E. 143] are **DENIED** as to Count II of the Third Amended Complaint. The Court will rule on Count I after trial.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of January, 2013.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record