UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 10-61984-CIV-OTAZO-REYES

**CONSENT CASE**

200 LESLIE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION
TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL**

THIS CAUSE came before the Court upon Plaintiff 200 Leslie Condominium Association, Inc.'s ("200 Leslie") Motion to Strike Defendant QBE Insurance Corporation's ("QBE") Demand for Jury Trial ("Motion to Strike Jury Demand") [D.E. 148]. The Court heard the arguments of counsel on this motion at the Pretrial Conference held on January 7, 2013. For the reasons stated below, the Court GRANTS 200 Leslie's Motion to Strike Jury Demand.

**PROCEDURAL AND FACTUAL BACKGROUND**

This action arises from damages that 200 Leslie claims to have sustained as a result of Hurricane Wilma in 2005. QBE was the condominium's property insurer at the time of hurricane. Based on its estimate that the damages sustained by 200 Leslie were less than the insurance policy deductible, QBE did not pay any benefits to 200 Leslie in 2005. In 2010, 200 Leslie commenced this action alleging that its hurricane damages exceed the policy deductible [D.E. 1].

In Count II of its Third Amended Complaint [D.E. 70], 200 Leslie seeks a declaratory judgment that the amount of 200 Leslie's hurricane damages must be resolved through the appraisal process set out in the insurance policy (hereafter, "the appraisal claim").[1] In its Amended Answer and Affirmative Defenses [D.E. 113], QBE requests trial by jury on all issues so triable [D.E. 113 at 14].

In its Motion to Strike Jury Demand, 200 Leslie contends that there is no right to a jury trial on its appraisal claim because the claim is equitable in nature. In its written and oral arguments, QBE contends that the declaratory judgment action is legal in nature, hence subject to a jury trial.

## DISCUSSION

Preliminarily, the Court notes that, in its Order Denying Cross-Motions for Summary Judgment as to Count II of the Third Amended Complaint, it determined that there is no necessity for amending the pleadings in order to properly frame the issues for trial. Accordingly, the Court need not address the parties' arguments relating to whether, if converted to counterclaims, QBE's affirmative defenses would be legal or equitable in nature, given that QBE has recognized that it does not have a right to trial by jury on its affirmative defenses. QBE's Response to Motion to Strike Jury Demand [D.E. 178 at 6 n.2]; Transcript of Pretrial Conference [D.E. 195 at 66:13-14]. Therefore, the only issue before the Court is whether the appraisal claim is legal or equitable in nature.

200 Leslie argues that what underlies its appraisal claim is a claim for specific performance of the insurance contract, which is equitable in nature. In support of its position

---

[1] As more fully set forth in the Court's Order Denying Cross-Motions for Summary Judgment as to Count II of the Third Amended Complaint [D.E. 199], Count I will not be addressed at the trial of this cause.

2

that the appraisal claim is legal in nature, QBE argues that, at the time 200 Leslie commenced the action: (1) the appraisal claim was not ripe because 200 Leslie had not filed a proof of loss; and (2) 200 Leslie could not have alleged that it lacked a legal remedy in support of the claim for specific performance that underlies the appraisal claim. [D.E. 178 at 4-5; D.E. 195 at 63:19-65:23].

### 1. Lack of ripeness

For its ripeness argument, QBE cites to the Honorable Robin S. Rosenbaum's Order addressing QBE's motion to dismiss the appraisal claim on the grounds that it was premature. Judge Rosenbaum agreed with QBE only to a point and concluded that dismissal without prejudice would be appropriate to allow 200 Leslie to allege compliance with post-loss conditions, which includes the filing of a proof of loss. [D.E. 54 at 24-27, 29]. In its Third Amended Complaint, 200 Leslie alleges that it filed a sworn proof of loss [D.E. 70 at 8]. Therefore, any lack of ripeness has been cured retroactively to the original pleading. See Fed. R. Civ. P. 15(c)(1)(B) (amendments to pleadings relate back to the original pleading when the amendment asserts a claim or defense that arose out of the same transaction as the original pleading).

### 2. Failure to allege lack of a legal remedy

For this argument, QBE relies on La Gorce Palace Condominium Ass'n, Inc. v. QBE Ins. Corp., 733 F. Supp. 2d 1332 (S.D. Fla. 2010). In La Gorce, the court dismissed a claim for specific performance of the appraisal clause in an insurance contract because the plaintiff had failed to allege the essential elements of such a claim, including the lack of a remedy at law. Id. at 1334-35. QBE's reliance on La Gorce is misplaced because 200 Leslie is not bringing a claim for specific performance; its claim is for declaratory judgment. Hence, the pleading

requirements of La Gorce are not applicable to this case.

Moreover, QBE's contention that 200 Leslie could not prevail on the underlying equitable claim for specific performance does not change its nature or the essential equitable nature of the appraisal claim. Chevron, U.S.A., Inc. v. Oubre, 93 F.R.D. 622, 623 (D. La. 1982) (finding that defenses to an underlying equitable claim do not change its nature or the nature of the supervening declaratory judgment action).

## CONCLUSION

Based on the foregoing, it is ORDERED and ADJUDGED that 200 Leslie's Motion to Strike Jury Demand [D.E. 148] is GRANTED. This case will be tried to the Court.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of January, 2013.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record